# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2022

Lyle W. Cayce
Clerk

No. 21-10395
Summary Calendar

Henry Diggs,

*Plaintiff—Appellant*,

*versus*

Bill Waybourn; Unknown Driver # 1; Unknown Driver
#2; Unknown Contacted Supervisor; JPS Medical Staff;
Captain FNU Franklin; Officer D. Martinez,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-706

Before Davis, Jones, and Elrod, *Circuit Judges*.
Per Curiam:[*]

Henry Diggs, Texas prisoner # 0512004, appeals the district court's dismissal of his 42 U.S.C. § 1983 and state law complaint as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B), and

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

moves for appointment of counsel.  On appeal, he challenges only the dismissal of his claims against Defendants-Appellees Tarrant County, Texas Sheriff Bill Waybourn, and Tarrant County Officers D. Martinez and Franklin; accordingly, any challenge to the district court's dismissal of his claims against the remaining defendants or denial of his postjudgment motion to alter or amend the judgment are abandoned.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review the dismissal de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  A complaint is frivolous if it lacks an arguable basis in either fact or law, *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997), while a complaint fails to state a claim on which relief may be granted when the factual allegations are insufficient to "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As to Diggs's claims against Sheriff Waybourn, he contends that respondeat superior is a viable theory of liability under Texas law and that Sheriff Waybourn is liable based on a municipal policy, failure to train, or failure to supervise theory.  However, Sheriff Waybourn cannot be held liable under § 1983 based on a theory of respondeat superior, *see Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005), and Diggs did not raise any municipal policy, failure to train, or failure to supervise claim against Sheriff Waybourn in the district court.  We generally do not consider arguments raised for the first time on appeal.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

With respect to Martinez and Franklin, Diggs must allege that these defendants were both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference."  *Baughman v. Hickman*, 935 F.3d 302, 307 (5th Cir. 2019) (internal quotation marks and citation omitted).  The conduct in question

No. 21-10395

"must be . . . reckless," which "is an extremely high standard to meet." *Id.* (internal quotation marks and citation omitted). Diggs's complaint stated nothing beyond his bare allegation that these defendants backed the prison van into a parked car in the hospital parking garage while travelling at the rate of 15 mph. Taken as true, these allegations simply do not raise a claim for deliberate indifference "above the speculative level." *Twombly*, 550 U.S. at 555. His complaint states nothing, for example, about being shackled, transported in a van without a seatbelt, any knowledge of prior accidents by the defendants, or even what the speed limit in the parking garage was. *See, e.g.*, *Rogers v. Boatright*, 709 F.3d 403, 408-09 (5th Cir. 2013) (concluding that the claim should have been permitted to proceed beyond the screening phase where the driver of the prison van knew of a substantial risk that the plaintiff would be injured were the van to stop abruptly, as the plaintiff "was shackled in leg irons and handcuffs and was not provided with a seatbelt," and the driver had "told another officer that other inmates similarly had been injured the prior week and during other incidents, which happen[] all the time," (internal quotation marks omitted)).

Given the above, the district court properly dismissed these claims as frivolous and for failure to state a claim. *See Twombly*, 550 U.S. at 555; *Siglar*, 112 F.3d at 193. Diggs's motion for appointment of counsel on appeal is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

AFFIRMED.